Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Proposed Counsel for
Munchery, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re | Case No. 19-30232 |
|---|---|
| MUNCHERY, INC. | Chapter 11 |
| Debtor and Debtor in Possession. | **APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY OMNI MANAGEMENT GROUP AS NOTICING AGENT AND RELATED TASKS** |
| | Date:<br>Time:<br>Place: 450 Golden Gate Ave, 16th Floor<br>San Francisco, CA 94102 |

Debtor and Debtor in Possession, Munchery, Inc. ("Munchery" or "Debtor") submits this application (the "Application") authorizing Debtor to retain Omni Management Group ("Omni") as noticing agent and to carry out various tasks related to the administration of this Chapter 11 case. Omni's business address is 5955 DeSoto Ave., Suite 100, Woodland Hills, CA 91364. In support of this Application, Debtor relies on the accompanying Declaration of Brian K. Osborne (the "Osborne Declaration") and the Declaration of James Beriker ("Beriker Declaration") filed in support of Debtor's first day motions.

In support of the Application Debtor represents as follows:

1. Debtor filed this voluntary Chapter 11 case on February 28, 2019 (the **"Petition Date"**) and continues to operate its business and manage its affairs as a debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No creditors committee has been appointed in the case at this point.

2. As noted in the Beriker Declaration (¶ 53), between former employees and vendors, Munchery has close to 500 creditors. In addition, Munchery has thousands of former customers to whom it owes small amounts for unused gift cards and credits. Debtor filed a motion seeking authorization to allow it to send a notice of the bankruptcy filing via electronic mail. Omni will handle the sending of the email if the Court grants Debtor's motion.

3. Debtor also anticipates having Omni set up a website to make information available to creditors concerning the case, and having Omni handle the mailings in the case and assist with revisions to the Mailing Matrix. Omni is also currently assisting in the creation of the Debtor's Schedules and Statement of Financial Affairs.

4. Depending on the recoveries in the case and the developments in the case, Debtor may ask Omni to handle other administrative matters when appropriate for efficiency and cost reduction.

5. Debtor believes Omni to be qualified to handle the tasks described above. Debtor understands it to be a firm that is skilled in efficient data processing, noticing, claims processing and other administrative tasks in Chapter 11 cases. Debtor may also use Omni to assist in handling and tabulating ballots for its anticipated Chapter 11 plan of reorganization. Omni will follow the procedures promulgated by the Clerk's office, the Judicial Conference of the United States and any orders of this Court with respect to the tasks it handles.

6. Prior to the Petition Date, Omni assisted Debtor in preparing its comprehensive creditor matrix and the list of the top 20 unsecured creditors.

7. Brian Osborne and Katie Nownes will be the individuals at Omni primarily responsible for this engagement. As set forth in the Osborne Declaration, Omni has assisted many Chapter 11 debtors with tasks similar to those proposed in this case.

8.  Omni has represented to the Debtor, among other things, that: i) Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government for the tasks performed on behalf the Debtor; ii) will not employ any past or present employees of the Debtor in connection with its work on this case; and iii) it is not a creditor in this Chapter 11 case.

9.  To the best of its knowledge, Omni is disinterested in this matter and does not hold a claim adverse to the Debtor or its estate.  Omni does not have any connection with the Debtor, the creditors, or any other party in interest in this case, or their respective attorneys or accountants, and is not related or connected to any United States Bankruptcy Judge in this district or to the United States Trustee or any employee in the trustee's offices.

10.  Debtor believes the employment of Omni is in the best interest of the Debtor, its estate and its creditors for the reasons set forth above.

Wherefore, Debtor respectfully requests that the Court enter an order granting this Application and authorizing Debtor's employment of Omni on the terms set forth in the Omni retention letter attached to the Osborne Declaration.

Dated: March 1, 2019

/s/ James Beriker
President and CEO for Munchery, Inc.

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen years and am not a party to the within-entitled action; my business address is 456 Montgomery Street, 20th Floor, San Francisco, CA 94104.

On the below date I served the attached document(s) entitled:

**APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY OMNI MANAGEMENT GROUP AS NOTICING AGENT AND RELATED TASKS**

on all interested parties in said cause addressed as follows:

Office of the U.S. Trustee
450 Golden Gate Ave., 5th Floor
Suite #05-0153
San Francisco, CA 94102

X      **(BY MAIL)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing that same day at 456 Montgomery Street, 20th Floor, San Francisco, CA. I declare that I am readily familiar with the business practice of Finestone Hayes LLP for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

**(BY HAND)** by causing a true copy of such document(s) to be hand-delivered by messenger to the following at their respective addresses as indicated above.

**(BY FEDERAL EXPRESS)** by placing a true copy thereof enclosed in a sealed envelope for delivery via Federal Express to the addressee(s) noted above.

**(BY FACSIMILE)** I served the foregoing documents on the interested party/parties in this action by facsimile transmission and the transmission was reported as completed without error to the office(s) with the following fax number: (see above)                . I attached to this proof of service the transmission report that was properly issued by the transmitting facsimile machine maintained by Vogl & Meredith, 456 Montgomery Street, San Francisco, California.

Executed **March 1, 2019** at San Francisco, California on March 1, 2019

**(Federal)** I declare under penalty of perjury that the foregoing is true and correct.

Name: Alex Castillo                            /s/ Alex Castillo