Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Proposed Counsel for Debtor
Munchery, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.<br><br>Debtor and Debtor in Possession. | Case No. 19-30232<br><br>Chapter 11<br><br>**DECLARATION OF STEPHEN D. FINESTONE IN SUPPORT OF APPLICATION TO EMPLOY COUNSEL FOR CHAPTER 11 DEBTOR (FINESTONE HAYES LLP)** |

I, Stephen D. Finestone, declare as follows:

1. I am an attorney admitted to practice law in the State of California and this Court.

2. I am a partner in the firm of Finestone Hayes LLP (the "Firm"). The Firm is proposed general bankruptcy counsel for Debtor Rejuvi Laboratory, Inc. ("Debtor").

3. The Firm is experienced in the areas of insolvency, business reorganization, and debtor/creditor matters, having represented Chapter 11 debtors and creditors in numerous cases before this Court and other Bankruptcy Courts.

4. Subject to further order of this Court, and without being exhaustive, the Firm proposes to render the following types of legal services to Debtor.

a) To advise and represent Debtor as to all matters and proceedings within this Chapter 11 case, other than those particular areas that may be assigned to special counsel;

b) To assist, advise and represent Debtor in any manner relevant to a review of its debts, obligations, maximization of its assets and where appropriate, disposition thereof;

c) To assist, advise and represent Debtor in the operation of its business;

d) To assist, advise and represent Debtor in the performance of all of its duties and powers under the Bankruptcy Code and Bankruptcy Rules, and in the performance of such other services as are in the interests of the estate;

e) To assist, advise and represent Debtor in dealing with its creditors and other constituencies, analyzing the claims in this case and formulating and seeking approval of a Plan of Reorganization.

5. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines for Compensation and this Court's rules, Debtor proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The three counsel likely to work on this matter and their hourly billing rates are as follows: Stephen D. Finestone - $495; Jennifer C. Hayes - $495; and Ryan A. Witthans - $320. The Firm also employs a paralegal, Anne Mavromatis, whose hourly rate is $100. Finally, the Firm occasionally utilizes the services of contract counsel as appropriate. The hourly rates for contract counsel typically range from $350-$375.

6. The Firm initially received an initial pre-petition retainer of $15,000 in January 2019, followed by a second pre-petition retainer in February 2019 of $75,000. The retainers were received from the Debtor. As of the filing date approximately $42,691 of the retainer remained.

7. It is contemplated that the Firm may seek interim compensation during the case as permitted by section 328(a) and 331(a) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

8. Having reviewed the records of the Debtor, including a list of its creditors and any other party in interest provided as of the filing date, I believe that the Firm does not represent any interest adverse to the Debtor or its estate. Nor does the Firm hold any interest materially adverse to the interests of the Debtor or its estate. In addition to the creditors provided on the mailing matrix, Debtor disclosed that it has thousands of former customers to whom it owes small amounts of money (typically less than $300). Debtor has not completed its assembly of that list, but I believe it is possible that I, or other attorneys in the firm, will know some of the former customers. I do not believe knowing any of the customers would disqualify the firm from representation of the Debtor. None of the attorneys in the firm are owed any money as former customers.

9. Except as disclosed herein, neither the Firm, nor any of its members or employees, have any connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants, any judge of this Court, the United States Trustee or any person employed in the office of the United States Trustee.

10. The Firm has not shared or agreed to share compensation with any entity except as among its attorneys.

11. This Declaration has been submitted to the Office of the United States Trustee.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of March 2019 in San Francisco, California.

/s/ Stephen D. Finestone
Stephen D. Finestone

.

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen years and am not a party to the within-entitled action; my business address is 456 Montgomery Street, 20th Floor, San Francisco, CA 94104.

On the below date I served the attached document(s) entitled:

**DECLARATION OF STEPHEN D. FINESTONE IN SUPPORT OF APPLICATION TO EMPLOY COUNSEL FOR CHAPTER 11 DEBTOR (FINESTONE HAYES LLP)**

on all interested parties in said cause addressed as follows:

Office of the U.S. Trustee
450 Golden Gate Ave., 5th Floor
Suite #05-0153
San Francisco, CA 94102

X **(BY MAIL)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing that same day at 456 Montgomery Street, 20th Floor, San Francisco, CA. I declare that I am readily familiar with the business practice of Finestone Hayes LLP for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

**(BY HAND)** by causing a true copy of such document(s) to be hand-delivered by messenger to the following at their respective addresses as indicated above.

**(BY FEDERAL EXPRESS)** by placing a true copy thereof enclosed in a sealed envelope for delivery via Federal Express to the addressee(s) noted above.

**(BY FACSIMILE)** I served the foregoing documents on the interested party/parties in this action by facsimile transmission and the transmission was reported as completed without error to the office(s) with the following fax number: (see above) . I attached to this proof of service the transmission report that was properly issued by the transmitting facsimile machine maintained by Vogl & Meredith, 456 Montgomery Street, San Francisco, California.

Executed **March 11, 2019** at San Francisco, California.

**(Federal)** I declare under penalty of perjury that the foregoing is true and correct.

Name: Alex Castillo                    /s/ Alex Castillo