

Signed and Filed: March 13, 2019

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:                                    ) Case No. 19-30232 HLB
                                          )
MUNCHERY, INC.,                           ) Chapter 11
                                          )
          Debtor.                         )
_____)

**ORDER SETTING HEARING ON APPLICATION TO EMPLOY ARMANINO LLP AS FINANCIAL CONSULTANT FOR THE DEBTOR, REQUIRING SUPPLEMENTAL DECLARATION, AND EXTENDING OBJECTION DEADLINE**

This matter comes before the court on an Application to Employ Armanino LLP ("Armanino") as Financial Consultant (the "Application"; Dkt. 53). The Application and the supporting declaration of David Miller (the "Declaration"; Dkt. 54) state that Armanino will "assist Debtor in preparing the Schedules and Statement of Financial Affairs for filing," and with the "handling of funds and the filing of monthly operating reports." [Application, ¶ 2; Miller Decl., ¶ 4.] Debtor also anticipates "having Armanino assist in Debtor's handling of its budget, including the reporting required by the Stipulation for Use of Cash Collateral" and "assist with other tasks, such as providing information and documentation related to past transactions and providing reports for, and an initial analysis

of, any preferential transfers and other pre-petition activity." [Application, ¶ 3; Miller Decl. ¶ 5.]

Debtor proposes payment for these services by way of a $20,000 per month fixed fee, subject to court approval. [Application, ¶ 6; Miller Decl., ¶ 7.] "No further fees will be paid to or requested by Armanino" for those services. [Id.]

The proposed order submitted by Debtor to the court[1] authorizes the Debtor "to employ Armanino LLP as its financial consultant under the terms and conditions set forth in the Application and in Exhibit A to the Miller Declaration, with compensation subject to court approval." The Application, Declaration, and proposed order do not state whether Debtor seeks to employ Armanino under sections 327 and 328(a) or 330.[2],[3] Absent an express statement to the contrary, the court will review Armanino's fees under section 330. See In re Circle K Corp., 279 F.3d 669, 674 (9th Cir. 2002)(section 328 will not apply "unless a professional is unambiguously employed pursuant to section 328"); ¶ R, Judge Blumenstiel's Practices & Procedures ("In the event that section 328 is not unambiguously invoked in connection with a professional's employment, the

---

[1] Debtor submitted the order to the court via the ECF system. It is not available on the docket.

[2] Unless otherwise noted, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code," and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[3] Section 328(a) limits the court's review of fees to whether "such terms and conditions [of employment] prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." Section 330 allows the court more extensive review for reasonableness.

Court will evaluate that professional's applications for compensation according to the criteria set forth in section 330, along with other available evidence of the reasonableness of the compensation for which the Court's approval is sought. When section 328 applies, any application for compensation must include a short justification of the continued reasonableness of the proposed terms and conditions of employment (i.e., the reasonableness of proposed hourly rates or the propriety of a contingent fee arrangement given the risk and potential recovery)").

Exhibit A to the Declaration consists of an engagement letter ("Agreement") between Armanino and Debtor. It contains numerous terms not disclosed or explained in either the Application or the Declaration:

1. "We require that Client pay a retainer (the "Retainer") of twenty thousand dollars ($20,000) upon execution of this Agreement." [Agreement at p. 1.] The Agreement is dated February 12, 2019 but is not executed. The court needs to know whether Debtor paid this retainer pre-petition or if Debtor proposes to pay a post-petition retainer, which requires notice to all creditors under section 363(b) and Rule 2002(a)(2).

2. "Client will also be billed a 5% fee for our information security and administrative costs." [Id.] This term is inconsistent with the proposed $20,000 monthly fixed fee in the Application. The court needs more information about this fee;

specifically: (a) the bases for the 5% fee; (b) the means by which it is calculated; (c) the frequency with which it will be charged; and (d) the cost the estate will incur as a result of this fee.

3. "Any out-of-pocket expenses will be added to your invoice at cost as incurred, including travel to the Client and any in-person meetings." [Id.] The court needs to know whether these out-of-pocket expenses could include outside services Armanino might use, and if so, whether Debtor has any oversight over these costs. [See also paragraph 7 below.] The court reminds the parties that it generally enforces its Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

4. "Client shall pay all invoices, in full, within five (5) business days of the invoice date." [Id.] This appears inconsistent with the Application and proposed order that provide that Armanino's compensation is subject to court approval. Debtor needs to explain how and when Armanino will obtain court approval of its fees, and how and when Debtor proposes to pay Armanino the proposed compensation. [See also paragraph 6 below.]

5. "If Client does not pay Armanino pursuant to these terms, Armanino shall have the right to receive an additional retainer." [Id.] Any additional retainer must be approved by the court after notice

and hearing pursuant to section 363(b) and Rule 2002(a)(2).

6. "Armanino will bill the Company a fixed amount of $20,000 (twenty thousand dollars) every 30 days for the Services, payable in advance of the start of the period." [Agreement, Ex. A at p. 1.] This suggests that Debtor will be paying Armanino $20,000 per month prior to receiving court approval of fees. Debtor needs to clarify whether and how the court will review and consider Armanino's fees and costs.

7. "This fee does not include payments to outside service providers that may be required." [Id.] The Agreement includes a provision prohibiting Armanino from creating any obligations on behalf of or in the name of the Debtor to a third party, absent written authorization by the Debtor. [Agreement at p. 2.] The court needs to know whether this limiting language also prevents Armanino from obtaining services from an outside service provider on its own behalf, and then billing the estate for the cost of that service, absent written authorization from the Debtor.

The court needs more information from the Debtor regarding the Application. Accordingly, the court **ORDERS** as follows:

(1) The court will convene a hearing on the Application on **April 4, 2019 at 10:00 a.m.**

(2) On or before **March 22, 2019**, Debtor shall file a supplemental declaration addressing the issues highlighted above.

(3) The deadline for filing and service of objections to the Application is hereby extended to **March 28, 2019.**

**\*\*END OF ORDER\*\***

## Court Service List

[None]