Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Proposed Attorneys for Debtor
Munchery Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY INC.<br><br>      Debtor in Possession. | Case No. 19-30232-HLB<br><br>Chapter 11<br><br>**NOTICE OF FINAL HEARING ON DEBTOR'S MOTION TO APPROVE SECOND AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL, PROVISION OF ADEQUATE PROTECTION, AND DEBTOR IN POSSESSION FINANCING**<br><br>**Date:** April 4, 2019<br>**Time:** 10:00 a.m.<br>**Place:** 450 Golden Gate Ave, 16th Floor<br>       San Francisco, CA 94102 |

**TO THE UNITED STATES TRUSTEE, 20 LARGEST UNSECURED CREDITORS, ALL PARTIES REQUESTING SPECIAL NOTICE, AND ALL PARTIES HAVING LIENS OR SECURITY INTERESTS OF RECORD IN ANY OF DEBTOR'S ASSETS:**

PLEASE TAKE NOTICE THAT a final hearing will be held on April 4, 2019 at 10:00 a.m. in the courtroom of the Hon. Hannah L. Blumenstiel, U.S. Bankruptcy Court, 450 Golden Gate Ave, 16th Floor, San Francisco, CA 94102 on the Debtor's Motion to Approve the Second Amended Stipulation Regarding Use of Cash Collateral, Provision of Adequate Protection, and Debtor in Possession Financing (the "Second Amended Cash Collateral

Stipulation"). Attached is a copy of the *Interim Order Approving Second Amended Stipulation Regarding Use of Cash Collateral, Provision of Adequate Protection, and Debtor in Possession Financing*.

You may obtain a copy of the Second Amended Cash Collateral Stipulation by contacting Ryan A. Witthans at rwitthans@fhlawllp.com.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to file opposition to the Second Amended Cash Collateral Stipulation is March 29, 2019.

Dated: March 14, 2019                                    FINESTONE HAYES LLP


                                                                          *Jennifer C. Hayes*
                                                                          Jennifer C. Hayes
                                                                          Proposed Attorneys for Munchery Inc.

Entered on Docket
March 08, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: March 8, 2019

_____
HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

| | |
|---|---|
| FINESTONE HAYES LLP<br>STEPHEN D. FINESTONE<br>Cal. Bar No. 125675<br>456 Montgomery Street, 20th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 421-2624<br>Facsimile: (415) 398-2820<br><br>Attorneys for Debtor and Debtor-in-Possession,<br>MUNCHERY INC.<br><br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership<br>  Including Professional Corporations<br>KYLE MATHEWS<br>Cal. Bar No. 218384<br>MICHAEL M. LAUTER<br>Cal. Bar No. 246048<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071-1448<br>Telephone: 213-620-1780<br>Facsimile: 213-620-1398<br><br>Attorneys for Secured Creditor,<br>COMERICA BANK | MCDERMOTT WILL & EMERY LLP<br>GARY B. ROSENBAUM<br>Cal Bar No. 134252<br>2049 Century Park East, 38th Floor<br>Los Angeles, CA 90067-3218<br>Telephone: (310) 284-6133<br>Facsimile: (310) 277-4730<br><br>Attorneys for Secured Creditor,<br>TRIPLEPOINT VENTURE GROWTH BDC CORP. |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MUNCHERY INC.,<br><br>            Debtor and Debtor-in-Possession. | Case No.: 19-30232<br><br>Chapter 11<br><br>**INTERIM ORDER APPROVING SECOND AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL, PROVISION OF ADEQUATE PROTECTION AND DEBTOR IN POSSESSION FINANCING**<br><br>Date: March 6, 2019<br>Time: 4:00 p.m.<br>Place: 450 Golden Gate Ave., 16th Floor<br>       San Francisco, CA 94102 |

SMRH:489601081.2

The Motion for Order Approving Stipulation Regarding Use of Cash Collateral, Provision of Adequate Protection and Debtor in Possession Financing (the "Motion") filed by the above-captioned debtor and debtor-in-possession, Munchery Inc. ("Debtor"), came before the Court for an interim hearing on March 6, 2019. Appearances were as noted on the record.

The Court having considered the Debtor's Motion, the declaration and other evidence submitted in support of the Motion, and all papers on file herein, and having heard the argument of counsel and matters presented at the time of hearing and having considered the Second Amended Stipulation Regarding Use of Collateral, Provision of Adequate Protection and Debtor in Possession Financing;

**BASED UPON THE MOTION, THE RECORD BEFORE THE COURT, AND THE COMBINED CONSENT OF THE DEBTOR AND SENIOR SECURED PARTIES TO THE ENTRY OF THIS ORDER, IT APPEARS TO THE COURT AS FOLLOWS:**

i) Entry of this Interim Order is necessary to prevent the immediate and irreparable harm to the Debtor and its estate that would otherwise result if the Debtor is prevented from obtaining post-petition financing and using Cash Collateral for the payment of the expenses approved in the Stipulation (defined below).

ii) The Debtor has made reasonable efforts, under the circumstances, to locate financing of the type contemplated by this Interim Order; the Debtor is unable to obtain, in the ordinary course of business or otherwise, financing of the type contemplated herein, either in the form of unsecured credit allowable under section 503(b)(1) of the Code as an administrative expense pursuant to sections 364(a) or (b) of the Code, or unsecured credit allowable under sections 364(a) and 364(b) of the Code; and the Debtor is unable to obtain financing of the type contemplated herein in the form of secured credit pursuant to section 364(c) or 364(d) of the Code on terms more favorable than those offered by the Senior Secured Parties pursuant to this Interim Order and the Stipulation.

iii) The terms and conditions of the DIP Loans and Cash Collateral use have been negotiated in good faith and at arm's length and the Debtor has offered sufficient proof thereof. Accordingly, it appears to the Court that the terms of the DIP Loans and Cash Collateral use

sought to be approved in the Motion have been extended in good faith and that any credit extended, loans to be made, Cash Collateral use permitted, or other financial accommodations granted to the Debtor pursuant to this Order shall be deemed to be extended in good faith as that term is used in section 364(e) of the Code.

iv) Good cause has been shown for the entry of this Interim Order. Among other things, entry of this Order will minimize disruption of the Debtor and permit the Debtor to conduct a sale of its kitchen equipment assets. The terms of the borrowings, Cash Collateral use, and other financial accommodations authorized hereby reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis. The Second Amended Stipulation Regarding Use of Cash Collateral, Provision of Adequate Protection and Debtor in Possession Financing (the "Stipulation") by and among the Debtor, Comerica Bank ("Bank"), and TriplePoint Venture Growth BDC Corp. ("TriplePoint" and together with Bank, collectively, "Senior Secured Parties"), is hereby APPROVED in all respects on an interim basis. The terms and conditions of the Stipulation are hereby incorporated into this Interim Order by this reference, and the approval of the Motion and Stipulation in this Interim Order constitute approval of all the provisions of the Stipulation as if fully set forth herein. Capitalized terms not defined in this Interim Order shall have the meanings given to them in the Stipulation.

2. The Debtor is authorized to enter into the Stipulation and all instruments, agreements, and other documents referred to in or implementing the Stipulation, and the terms of the Stipulation shall be binding upon the Debtor and the Debtor's estate.

3. The Debtor shall be authorized to use Cash Collateral and to borrow under the Debtor-in-Possession Credit Facility through the Final Hearing (defined below) on the Motion pursuant to the terms and conditions of the Stipulation. For the avoidance of doubt, any automatic renewal of the $300,000 Irrevocable Standby Letter of Credit #OSB5784C issued by the Bank shall not be deemed to be an extension of post-petition financing to the Debtor, and such automatic renewal is hereby expressly authorized.

4. The automatic stay provisions of Section 362 of the Bankruptcy Code are vacated and modified, without the need for any further action of the Senior Secured Parties or the Court, to the extent necessary to permit the Senior Secured Parties to give effect to any rights granted in this Interim Order and the Stipulation, including, without limitation, to the extent necessary to permit the Senior Secured Parties to debit Debtor's bank accounts at Bank for Bank's customary cash management and servicing fees as they arise in the ordinary course of business.

5. Following entry of this Interim Order, the Debtor shall, on or before March 15, 2019, provide notice of this Interim Order and of the final hearing on the Motion (the "Final Hearing") by first-class mail to the Office of the United States Trustee, the 20 largest unsecured creditors, all parties requesting special notice, and all parties having liens or security interests of record in any of the Debtor's assets.

6. The Final Hearing shall be held before this Court on April 4, 2019 at 10:00a..m. or as soon as the parties may be heard.

7. The subject of this Interim Order is a "core" proceeding as defined in 28. U.S.C. § 157(b)(2)(D). This Interim Order shall take effect and be fully enforceable immediately upon its entry, and upon such entry, shall be binding upon and shall inure to the benefit of the Senior Secured Parties, the Debtor, the Debtor's estate, and their respective successors and assigns, and the terms and provisions of this Interim Order and the Stipulation as well as the liens, claims, and security interests granted in this Interim Order and the Stipulation shall continue in these proceedings and any superseding proceedings under the Bankruptcy Code, and such liens and security interests shall maintain their priority as provided by this Interim Order and the Stipulation, until satisfied and discharged.

8. The Court has and will retain jurisdiction to enforce this Interim Order and the Stipulation according to their terms.

**\*\*END OF ORDER\***