Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820

Attorneys for Debtor-in-Possession,
Munchery Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 19-30232-HLB |
| MUNCHERY INC., | Chapter 11 |
| Debtor-in-Possession. | **MOTION TO ASSUME AND ASSIGN NON-RESIDENTIAL REAL PROPERTY LEASE** |
| | Date: April 18, 2019<br>Time: 3:00 p.m.<br>Place: 450 Golden Gate Ave, 16th Floor<br>San Francisco, CA 94102 |

Debtor in Possession, Munchery Inc. ("Debtor" or "Munchery") files this Motion to Assume and Assign Non-Residential Real Property Lease (the "Motion") in connection with its lease (the "Lease") for 220 Shaw Road, South San Francisco, CA (the "Premises").

**SUMMARY OF RELIEF SOUGHT:**

This Motion is brought in conjunction with Debtor's Motion for Sale of Assets Free and Clear of Liens (the "Sale Motion"). The Motion is supported by the concurrently filed Declaration of James Beriker (the "Beriker Declaration"). By this Motion, Debtor seeks to assume the Lease and assign it to Gate Gourmet, Inc. ("Gate") or a qualified overbidder if any other party submits a timely overbid in response to the Sale Motion.

MOTION TO ASSUME AND ASSIGN 1

## BACKGROUND:

The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been appointed in this Bankruptcy Case. An official committee of unsecured creditors has not been appointed as of the date of this filing. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

Debtor is a party as tenant to a lease with Eureka Ventures VI LLC ("Landlord") for the Premises, which include approximately 70,000 square feet of space out of which Debtor operated its business. The Lease runs through April 2025 and includes an option (the "Option") to extend through April 2035. As Debtor shut down its operations prior to filing this case on February 28, 2019, Debtor no longer needs the Premises. Moreover, the Sale Motion seeks to sell Debtor's improvements to the Premises and its significant machinery and equipment used in its operations that remain on the Premises. The rent for the Premises escalates each year. The current base monthly rent is $72,100, which will increase on May 1, 2019. Additional taxes and other costs that are added to the Lease brings the monthly rent obligation to approximately $80,000. As of the bringing of this Motion, Debtor believes it is current on its obligations under the Lease.

## LEGAL ARGUMENT:

Section 365 of the Bankruptcy Code authorizes a trustee, and therefore a debtor in possession, subject to court approval, to assume any executory contract or unexpired lease of the debtor. Courts routinely approve motions to assume contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988) ("Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor. Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule.").

Courts generally do not second guess a debtor's business judgment concerning the assumption of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir. 1985); *In re Health Science Products, Inc.*, 191 B.R. 895 (Bankr. N.D. Ala. 1995) ("The issue thereby presented for determination by the bankruptcy court is whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice").

Here, Debtor believes the assumption and assignment of the Lease to the winning bidder of the transaction discussed in the Sale Motion is obviously in the estate's interest. Assumption and assignment is a critical condition to the Debtor's ability to perform under the Asset Purchase Agreement with Gate or any other purchasing party.

**Bankruptcy Code Section 365(b) Is Inapplicable Because the Debtor is Not in Default**

Section 365(b) provides that, in the event of a default, the Debtor must cure, or provide adequate assurance of its ability to cure, any default, as well as provide adequate assurance of its ability to perform in the future under the executory contract or unexpired lease. The Debtor is not currently in default under the Lease, so no cure amounts are due under the Bankruptcy Code.

**Buyer is Willing and Able to Perform Under the Lease**

Pursuant to section 365(f)(2) of the Bankruptcy Code, a debtor-in-possession may assign an unexpired lease if the Debtor assumes the contract and "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent).

Among other things, adequate assurance may be given demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re*

MOTION TO ASSUME AND ASSIGN 3

*Bygaph, Inc.,* 56 B.R. 596, 605-606 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee has financial resources and expressed willingness to devote sufficient funding to business to give it a strong likelihood of succeeding).

The financial credibility, willingness, and ability of the Gate or any third party who submits the winning bid in connection with the Sale Motion cannot be credibly disputed. With respect to Gate, the Landlord has already approved Gate as a tenant and entered into a lease modification agreement providing for an additional five-year option, which if exercised would extend the lease through April 2040.  The lease modification includes a commitment by Gate to spend $1,000,000 on capital improvements/tenant improvements within the first two years of its occupancy.  Pursuant to the Sale Motion, any interested party who wishes to submit an Overbid must submit sufficient financial information to provide the Landlord adequate assurance of its ability to perform under the Lease.  An Overbidder should also advise whether it is wishes to enter into an agreement with the Landlord similar to the lease modification noted above negotiated between Gate and Landlord.

**The Option to Extend is Also Assignable**

The Lease includes an Option which provides for an extension of the Lease term through April 30, 2035.  The Option is part of the Lease attached to the Beriker Declaration as Exhibit D. The Option includes the following language:

> A. (iv) This Option is personal to the original Lessee [Munchery], and cannot be assigned or exercise by anyone other than said original Lessee and only while the original Lessee is in full possession of the Premises and without the intention of thereafter assigning or subletting.

Debtor does not know if Landlord intends to argue that the Option provision can be enforced to prevent an assignee from exercising the Option if this Court approves the sale of the assets and the assignment of the Lease.  Debtor understands that the lease amendment negotiated between Gate and Landlord makes clear that Gate will be able to exercise the Option.

MOTION TO ASSUME AND ASSIGN 4

To the extent Landlord asserts a position that the Option will not be exercisable by an assignee approved by this Court, Debtor contends the provision is unenforceable in the context of a bankruptcy case an either an *ipso facto* clause or an effectively an anti-assignment provision. As a general rule, lease provisions that restrain assignability/alienation are disfavored. See, e.g. Bankruptcy Code Section 363(f)(3), *In re Crow Winthrop Operating Partnership*, 241 F.3d 121 (9th Cir. 2001) (invalidating a "de facto" anti-assignment clause); *In re David Orgell, Inc.*, 117 B.R. 574, 576 (Bankr. C.D. Cal 1990) ("The clear import of section 365(d)(3) is to invalidate any provision of an executory contract or unexpired lease which burdens the debtor's ability to make an effective assignment by modifying its terms so that the assignee receives a different agreement than the debtor had."); *Double K Props., LLC v. Aaron Rents Inc.*, 2003 U.S. Dist. LEXIS 11940 (W.D. VA 2003) ("The issue in this case is whether an extension option described in a commercial real estate lease as personal to the original tenant is nevertheless exercisable by an assignee from the debtor under section 365(f) of the Bankruptcy Code. I find that the Bankruptcy Code trumps the extension restriction of the lease and that the new tenant is entitled to exercise the option to extend the lease."). Finally, California Civil Code section 711 provides: "Conditions restraining alienation, when repugnant to the interest created, are void."

With respect to lease options, an option is a covenant running with the land for the benefit of the tenant's estate and the tenant's successors as part of the tenant's original interest in the land given by the original lease. *In re Circle K Corp.*, 127 F.3d 904 (9th Cir. 1997) (assignee of lease can exercise option to review or extend terms); *Standard Oil Co. v. Slye*, 164 Cal. 435 (1913) (option is part of tenant's original interest in the land given by the original lease); Civil Code §1462 (covenants contained in grant of an estate in property made for the direct benefit of the property or some part of it then in existence run with the land). An option to extend or renew the term of the lease gives the optionee a specifically enforceable right to compel the extension or renewal of the lease upon the terms of the option. *Penilla v. Gersterkorn*, 86 Cal. App. 668, 670-71 (1927).

Based on the discussion above, in the event the Landlord argues that Debtor's assignment of the Lease does not include the Option, or invalidates the Option, the Court should overrule

such objection and make clear that the assignee obtains the Lease, including the rights provided by the Option.

**CONCLUSION**

Based on the foregoing, and the facts set forth in the Beriker Declaration, Debtor requests that this Court enter an order granting the Motion and allow the Debtor to assume the Lease and assign it to Gate or any other party who is the successful bidder in connection with the Sale Motion.

Dated: March 21, 2019                           FINESTONE HAYES LLP

By /s/ Stephen D. Finestone
Stephen D. Finestone.
Attorneys for Munchery Inc.