| | |
|---|---|
| Stephen D. Finestone (125675)<br>Jennifer C. Hayes (197252)<br>Ryan A. Witthans (301432)<br>FINESTONE HAYES LLP<br>456 Montgomery Street, Floor 20<br>San Francisco, CA 94104<br>Tel. (415) 421-2624<br>Fax (415) 398-2820<br>sfinestone@fhlawllp.com | |

Counsel for Debtor
Munchery, Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.<br><br>Debtor and Debtor-in-Possession. | Case No. 19-30232-HLB<br>Chapter 11<br><br>**MOTION TO APPROVE STIPULATION REGARDING TURNOVER OF SECURITY DEPOSIT AND TERMINATION OF NON-RESIDENTIAL REAL PROPERTY LEASE[1]**<br><br><u>Hearing</u>: No hearing unless requested pursuant to B.L.R. 9014-1. |

    Munchery, Inc., ("Munchery" or the "Debtor") files this Motion to Approve Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real Property Lease (the "Motion") pursuant to § 365(a), Bankruptcy Rule 6006, and B.L.R. 9014-1. By way of this motion, Munchery seeks the Court's entry of an order approving the terms of the Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding.

MOTION TO APPROVE STIPULATION            1

Property Lease (the "Stipulation") between Munchery and 95–97 Horatio L.L.C. (the "Landlord") that was filed on March 25, 2019. ECF 85.

## I. BACKGROUND AND SUMMARY OF STIPULATION

On October 16, 2014, Munchery entered into an assignment of a lease for premises in a building commonly known as 95–97 Horatio Street in New York, New York, (the "Premises"). Munchery subleased the Premises to High Quality Nutrition Company LLC (the "Subtenant") on August 31, 2018, with the Landlord's consent. In February 2019, both Munchery and the Subtenant indicated their desire to surrender the Premises. On February 1, 2019, Munchery, the Subtenant, and the Landlord entered into an agreement whereby the Subtenant would surrender and vacate the Premises by March 6, 2019. The Subtenant vacated the Premises on March 8, 2019. The Subtenant failed to pay rent for the period of January 1, 2019, through March 8, 2019. The Landlord is in possession of Munchery's security deposit of $98,833.69 (the "Security Deposit"). The Landlord wishes to deduct the rent due from the Security Deposit and return the balance to Munchery.

Pursuant to the terms of the Stipulation, the Landlord may deduct $40,748.91 from the Security Deposit. Munchery will have no further obligations to the Landlord after payment of this amount, which comprises unpaid rent of $35,302.59, real estate taxes of $4,846.32, and a move-out fee of $600. The landlord shall return the remaining balance of the Security Deposit (approximately $58,084.48) to Munchery.

## II. LEGAL AUTHORITY

A debtor-in-possession may, subject to approval of the Court, assume or reject an executory contract or unexpired lease. § 365(a). Courts typically apply a "business judgment" test to a debtor-in-possession's decision to assume or reject contracts or leases. 3 Collier on Bankruptcy ¶ 365.03[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). Courts in the Ninth Circuit apply a broad reading of the business judgment rule, applying the presumption that "the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate" and should approve rejection unless it finds that the debtor-in-possession's decision "is so manifestly unreasonable

MOTION TO APPROVE STIPULATION 2

Case: 19-30232    Doc# 86    Filed: 03/27/19    Entered: 03/27/19 11:57:03    Page 2 of 3

that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007).

Munchery's decision to terminate the lease of the Premises is based on sound business judgment. Munchery has not operated in New York since mid-2018 and it ceased its remaining operations in early 2019. There is simply no use to maintaining the lease of the Premises. The Stipulation will terminate the lease while averting a claim for damages based upon breach of the lease, resulting in the return of approximately $58,084.48 to Munchery after payment of unpaid rent, taxes, and fees. Simply put, termination of the lease pursuant to the Stipulation is in the best interests of Munchery's bankruptcy estate and the unsecured creditors.

### III. CONCLUSION

For the reasons stated above, Munchery respectfully requests that the Court enter an order approving the Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real Property Lease. ECF 85.

DATED: March 27, 2019                     FINESTONE HAYES LLP

/s/ Ryan A. Witthans
Ryan A. Witthans
Counsel for Munchery, Inc.