# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.<br><br>Debtor and Debtor-in-Possession. | Case No. 19-30232-HLB<br>Chapter 11<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO APPROVE STIPULATION REGARDING TURNOVER OF SECURITY DEPOSIT AND TERMINATION OF NON-RESIDENTIAL REAL PROPERTY LEASE** |

**TO THE BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, THE UNSECURED CREDITORS COMMITTEE, AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that Munchery, Inc. ("Munchery") files this Notice and Opportunity for Hearing on Motion to Approve Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real Property Lease (the "Notice") pursuant to § 365(a), Bankruptcy Rule 6006, and B.L.R. 9014-1. This Notice is supported by the concurrently-filed Motion to Approve Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real Property Lease (the "Motion").

By way of its Motion, Munchery seeks the Court's entry of an order approving the terms of the Stipulation Regarding Turnover of Security Deposit and Termination of Non-Residential Real Property Lease (the "Stipulation") between Munchery and 95–97 Horatio L.L.C. (the "Landlord") that was filed on March 25, 2019. ECF 85. The Landlord is in possession of Munchery's security deposit of $98,833.69 (the "Security Deposit"). The Landlord wishes to deduct unpaid rent of $35,302.59, real estate taxes of $4,846.32, and a move-out fee of $600 from the Security Deposit and return the remaining balance of approximately $58,084.48 to Munchery. The Stipulation provides for termination of the lease, application of the Security Deposit to the above-described amounts, and the return of the balance to Munchery.

**PLEASE TAKE FURTHER NOTICE** that Bankruptcy Local Rule 9014-1 prescribes the procedures to be followed with respect to any objection to the proposed compromise or any request for hearing thereon.

> **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**
>
> **Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**
>
> **If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**
>
> **In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Dated March 27, 2019                              **FINESTONE HAYES LLP**

                                                  */s/ Ryan A. Witthans*
                                                  Ryan A. Witthans
                                                  Counsel for Munchery, Inc.