TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone:    (408) 535-5525
Facsimile:    (408) 535-5532
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30232 HLB |
| MUNCHERY, INC. | Chapter 11 |
| Debtor. | |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE DEBTOR'S APPLICATION TO EMPLOY ARMANIO LLP AS FINANCIAL CONSULTANT**

Tracy Hope Davis, United States Trustee for Region 17 ("UST"), by and through her undersigned counsel, hereby objects ("Objection") to Application to Employ Armanino LLP as Financial Consultant ("Application") filed by Debtor Munchery, Inc. ("Debtor") on March 11, 2019 and requests that the Court deny approval of the Application for the reasons set forth herein. ECF No. 53.[1]

---

[1] ECF references contained herein are to the PACER docket for Debtor Munchery, Inc., Case No. 19-30232, unless otherwise indicated.

UNITED STATES TRUSTEE'S OBJECTION – APPLICATION TO EMPLOY FINANCIAL CONSULTANT - MUNCHERY, INC. 19-30232                1

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. The United States Trustee reserves all rights, including the right to seek sanctions against under 11 U.S.C. § 329.

## I. Introduction

The United States Trustee objects to the Debtor's Application to employ Armanino LLP ("Armanino") as Financial Consultant and requests that the Court deny the Application for the following reasons:

First, the Application fails to state the specific facts showing the necessity for Armanino's employment. Second, the Application fails to contain adequate disclosures regarding payments made to Armanino to date. Third, the Application fails to address whether Armanino is disinterested given that it was employed by the Debtor pre-petition. Finally, the Debtor is attempting to circumvent the mechanisms of 330 and 331 of the Bankruptcy Code by establishing monthly payments without providing proper support for this exception. For these reasons, the Application should be denied.

## II. Jurisdiction and Venue

This Court has jurisdiction to hear and determine the Application and this Objection pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and (b)(2).

## III. The United States Trustee Has Standing to Object to the Application

The United States Trustee is charged with supervising the administration of cases under the Bankruptcy Code. 28 U.S.C. § 586. In furtherance of that duty, the United States Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307. This Objection is filed in accordance with the United States Trustee's statutory duty under 28 U.S.C. § 586(a)(3)(I) to review applications filed under 11 U.S.C. § 327. The United States Trustee has a responsibility to enforce the laws as written by

Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas. Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994).

### IV. Statement of Facts

#### A. Procedural History and Background

On February 28, 2019, the Debtor, Munchery, Inc., filed a voluntary Chapter 11 bankruptcy petition ("Petition"). [ECF No.1].[2]

The Debtor's representative is President and CEO James Beriker. ECF No. 1, p. 4 of 5; §17.

The Debtor was founded in 2011 for the business of making, selling, and delivering freshly prepared meals, cooking kits, sides, desserts, and drinks to consumers. ECF No. 6, p. 2. After a sale of the business was not successful, and the Debtor and its Senior Secured Creditors were unable to come to an agreement to continue financing the business, the business operations was shut down. *Id.* at pp. 9-11.

No trustee has been appointed in the Debtor's case. *See generally* Case Docket. An official committee of unsecured creditors was appointed on March 21, 2019. ECF No. 72.

On March 1, 2019, the Debtor filed an Application to Employ Omni Management Group as Noticing Agent and Related Tasks. ECF No. 15. Omni Management Group's responsibilities in the case include "Preparation and updating of schedules and SoFAs" and "assist debtors to meet satisfy [sic] jurisdictional requirements, preparation of monthly operating and post-confirmation reports[.]" ECF No. 16-1, p. 6. An order approving Omni's employment was entered on March 8, 2019. ECF No. 47.

#### B. Debtor's Application to Armanino LLP as Financial Consultant

On March 11, 2019 the Debtor filed the Application and a supporting Declaration by David Miller, a partner with Armanino ("Miller Declaration"). ECF Nos. 53 & 54. An

---

[2] Unless otherwise noted, "ECF No." refers to the main bankruptcy docket for case number, 19-30232-HLB.

engagement letter between the Debtor and Armanino ("Engagement Letter") was also attached to the Miller Declaration. *Id*. The Application does not state which section the Debtor is seeking relief under. *Id*.

Pre-Petition Services: The Application states that Armanino "acted as a financial consultant to Munchery prior to the Petition Date[.]" ECF No. 53, p. 2. *Id*. The Miller Declaration adds that "Armanino has considerable experience in advising the Debtor with respect to its financial matters. Armanino provided financial and consulting services prior to the Debtor's bankruptcy filing and is familiar with Debtor's business and its financial records." ECF No. 54, p. 1. Neither the Application nor the Miller Declaration states the terms or length of this previous engagement, but that "Armanino's role will be reduced [post-petition] as compared to the work it did pre-petition." ECF Nos. 53 & 54, p. 2.

Disinterestedness: The Application states that "Armanino is disinterested in this matter and does not hold a claim adverse to the Debtor or its estate." ECF No. 53, p. 2.

Scope of Employment: The Application states that "Armanino is engaged to assist Debtor in preparing the Schedules and Statement of Financial Affairs for filing in this case. It will also assist Debtor with the handling of funds and the filing of monthly operating reports." ECF No, 53, p. 2.

The Engagement Letter states that the Debtor may request additional services from Armanino, and in exchange Armanino may request an additional retainer and a success fee. ECF No. 54-1, p. 5.

Terms of Compensation: The Debtor requests to pay Armanino a "fixed fee" of $20,000 per month. *Id*. The Engagement Letter attached to the Miller Declaration states that Armanino is to pay a $20,000 retainer upon execution of the agreement. ECF No. 54-1, p. 2. The Engagement Letter does not provide for monthly payments. The agreement's invoicing section states that Armanino will invoice the Debtor monthly, and that the Debtor is required to pay Armanino in full within five days of the invoice date. *Id*.

C. **The Bankruptcy Court's March 13 Order Regarding the Application**

On March 13, 2019 the Bankruptcy Court entered an order requiring the Debtor to file a supplemental declaration addressing several issues ("March 13 Order"). ECF No. 59. The March 13 Order raised the issue that the Application does not state "whether Debtor seeks to employ Armanino under sections 327 and 328(a) or 330." *Id*. at 2. The Bankruptcy Court also highlighted that the Engagement Letter contains several payment terms that are not disclosed in either the Application or the Miller Declaration. *Id*. The March 13 order specifically required the Debtor to address the proposed terms of compensation that suggest "that Debtor will be paying Armanino $20,000 per month prior to receiving court approval of fees. Debtor needs to clarify whether and how the court will review and consider Armanino's fees and costs." *Id*.

The March 13 Order required the Debtor to file a supplemental declaration by March 22, 2019. *Id*. It also set the Application for hearing on April 4, 2019 and extended the deadline for objections to March 28, 2019.

### D. Debtor's Supplemental Declarations In Support of Debtor's Application

On March 22, 2019, the Debtor filed two supplemental declarations, one from David Miller ("Miller Supplemental Declaration") and one from James Beriker ("Beriker Supplemental Declaration") (Together referred to as the "Supplemental Declarations"). ECF Nos. 82 & 83.

The Miller Supplemental Declaration states that the Debtor paid a $20,000 retainer to Armanino on February 15, 2019, and also made a $20,000 payment on February 27, 2019. ECF No. 82, p. 2. The Miller Declaration also states that Armanino will abide by the Bankruptcy Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee and will not receive pay for invoices until "after appropriate notice to creditors, a hearing, and Court approval of the payment, unless the Court authorizes an alternate procedure." *Id*. The Miller Declaration also disclosed new terms of compensation, modifying the monthly payment amount to "$20,000 per month through May 15, 2019, $15,000 per month for the months ending June 15, 2019 and July 15, 2019, and $10,000 per month thereafter until the Agreement is terminated or concludes by its terms." *Id*. at 2. The Debtor does not address whether an how the

Bankruptcy Court will review and consider Armanino's fees and costs as required by the March 13 Order.

The Beriker Supplemental Declaration states that the Debtor began working with Armanino in May 2018. ECF No. 83. The declaration also states that the Debtor paid Armanino approximately $80,000-$100,000 per month for its pre-petition services. *Id*. at 3.

The Supplemental Declarations fail to disclose what section of the Bankruptcy Code the Debtor is seeking relief under, how much Armanino was paid pre-petition, or whether Armanino is still owed money any of those pre-petition services.

## V. Legal Argument

### A. The Application Fails to State the Specific Facts Showing the Necessity for the Employment

Section 327(a) requires that professional persons seeking authorization to represent the bankruptcy estate be disinterested and prohibits such professionals from representing any interest adverse to the estate. See 11 U.S.C. § 327(a). An application to employ an estate professional must, among other things, "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge." Fed R. Bankr. P. 2014(a).

The Ninth Circuit applies the disclosure requirements of Rule 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877,881 (9th Cir. 1995). "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996); *see also In re Tevis*, 347 B.R. 679, 693-93 (B.A.P. 9th Cir. 2006).

Here, the Application and Supplemental Declarations fail to establish what section it is seeking Armanino's employment under, even after this deficiency was identified by the Court in its March 13 Order. If the Debtor seeks to employ Armanino under 11 U.S.C. § 327, the Application fails to demonstrate that employment is appropriate in light of the facts of this case.

The Application fails to address why the Debtor needs to employ two separate entities to assist with drafting schedules, the Statement of Financial Affairs, and monthly operating reports. The Debtor is no longer an operating business, and according to the supplemental declarations, Armanino has already provided extensive financial services to the Debtor in the months leading up to the bankruptcy.

### B. The Application Contains Inadequate Disclosure Regarding Payment to Armanino

The United States Trustee Guidelines require an application for employment "state the terms and conditions of employment including the dates and amounts of all payments related to the case, the source of such payments if other than the debtor, the current hourly rate(s) for the professionals and paraprofessionals expected to render services, and other charges that may be considered in an application for compensation and reimbursement of expenses." United States Trustee Guidelines for Region 17 at 2.1.2. A copy of any employment agreement shall be attached to the application. *Id.*

The Debtor has not yet filed Schedules or a Statement of Financial Affairs, so it is unclear whether Armanino is a pre-petition creditor or when Armanino was paid for their pre-petition work for the Debtor. The Application should disclose how much Armanino was paid pre-petition, who paid these fees, and whether there are any outstanding fees. Accordingly, the Application should be denied for failure to contain adequate disclosure.

### C. Armanino Has Not Proven Disinterestedness

The requirements for employment of a professional person seeking authorization to represent the bankruptcy estate under Section 327(a) are that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, *that do not hold or represent an interest adverse to the estate, and that are disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a) (emphasis added). 11 U.S.C. 101(14)(B) states that a "disinterested person" means a person who is not and was not, within 2 years before the date of the filing of the

UNITED STATES TRUSTEE'S OBJECTION – APPLICATION TO EMPLOY FINANCIAL CONSULTANT - MUNCHERY, INC. 19-30232                 7

petition, a director, officer, or employee of the debtor; and does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. The same standards that apply to trustees for the retention of professionals also apply to debtors-in-possession.  11 U.S.C. §1107(a); *Staiano v. Pillowtex, Inc. (In re Pillowtex, Inc.),* 304 F.3d 246, 251 (3d Cir. 2002).

Here, the Application fails to adequately address whether Armanino meets this definition of disinterestedness. No disclosures were made in this Application regarding payments made by the Debtor to Armanino and whether Debtor owes Armanino any outstanding fees. Accordingly, the Application should be denied.

### D. Periodic Payments Should only be Approved if Consistent with the *Knudsen* Procedures.

The only Ninth Circuit appellate level decision allowing an exception to the fee application process set forth in sections 330 and 331 is the 9th Circuit Bankruptcy Appellate Panel decision of *In re Knudsen Corporation*, 84 B.R. 669 (B.A.P. 9th Cir. 1988).  In *Knudsen,* the court was asked to approve a fee payment and application procedure whereby professionals employed by the debtor and its creditors' committee would be paid monthly without prior court approval of billing statements. The court recognized that allowance and disbursement of fees is permitted only in accordance with sections 330 and 331.  However, the court found that "Congress' inclusion of the term 'retainer' in section 328(a) indicates that in certain rare circumstances where adequate safeguards are taken, a bankruptcy court may implement a fee payment procedure such as the one used" in that bankruptcy case.  *Id*. at 671.   The court noted:

> In general, professionals must file applications for compensation which are subject to a noticed hearing prior to allowance or payment of fees. However, in the rare case where the court can make the following findings, a fee retainer procedure like the one here may be authorized:
>
> 1.   The case is an unusually large one in which an exceptionally large amount of fees accrue each month;

> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
> 3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id.* at 672-73.

Here, there are several issues with the terms of Armanino's compensation. First, the Application fails to supply any facts to support the necessary *Knudsen* findings. Second, the proposed arrangement does not comport with the requirements of Sections 330 and 331 which require court approval after an appropriate notice and hearing; and the Application fails to show why any such arrangement is otherwise warranted. *See* 11 U.S.C. §§ 330, 331; *see also Knudsen*, 84 B.R. at n. 4. Finally, all compensation should be subject to Court approval under section 330 after the United States Trustee and other parties have the opportunity to object.

The Bankruptcy Court also raised these issues, requiring the Debtor to supplement the Application with clarification of whether and how the Bankruptcy Court will review and consider Armanino's fees and costs. ECF No. 59, p. 5. The Supplemental Declarations neither adjusted the Debtor's suggested monthly payment scheme, except by reducing the monthly amounts, nor explained how the Bankruptcy Court would review and consider these payments. The Debtor has continued to request monthly payments to Armanino without providing any of the Bankruptcy Court's requested justifications. Based on the foregoing, the Application should be denied.

### E. The Application and Engagement Letter Improperly Allow the Debtor and Armanino to Change the Terms of the Employment and Compensation

The Engagement Letter provides that the Debtor and Armanino may modify the services Armanino provides, and in exchange Armanino may request an additional retainer or a success fee. ECF No. 54-1, p. 5. The Debtor provides no legal authority for this request, and such unfettered ability to modify the terms of employment are contrary to the Bankruptcy Code. Under Rule 2014, the Application must describe the professional services to be rendered and the

terms of compensation. Fed. R. Bankr. P. 2014(a). In order to modify the terms of employment or compensation, the Debtor must obtain the Bankruptcy Court's approval. Based on the foregoing, the Application as it has been submitted and supplemented should be denied and any order approving Armanino's employment should specify that any modification be subject to Bankruptcy Court approval.

### F. Reservation of Rights in Favor of the United States Trustee

The United States Trustee reserves all rights, including the right to seek sanctions under 11 U.S.C. § 329, as well as taking appropriate action under §§ 330 and 331. *See*, *e.g.*, *In re Nakhuda*, 544 B.R. 886 (B.A.P. 9th Cir. 2016); *In re Crayton*, 192 B.R. at 980; *In re Sponhouse*, 477 B.R. 147, 153-54 (Bankr. D. Nev. 2012).

### VI. Conclusion

WHEREFORE, the United States Trustee requests that the Court deny Debtor's Application to employ Armanino LLP as its financial consultant, and grant any other relief the Court deems appropriate.

Dated: March __, 2019                    TRACY HOPE DAVIS
                                         UNITED STATES TRUSTEE

                                         */s/ Trevor R. Fehr*
                                         Trevor R. Fehr
                                         Trial Attorney