DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyb.com; kjm@lnbyb.com

Attorneys for Urban Leaf Co. dba The Produce Company

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>MUNCHERY, INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No. 19-30232<br><br>Chapter 11<br><br>**OPPOSITION BY URBAN LEAF CO. DBA THE PRODUCE COMPANY TO SECOND AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL, PROVISION OF ADEQUATE PROTECTION AND DEBTOR IN POSSESSION FINANCING**<br><br>[Declaration of Soo Ming Yee In Support Filed Concurrently Herewith]<br><br>Hearing:<br>Date:  April 4, 2019<br>Time:  10:00 a.m.<br>Place:  Courtroom 19<br>         U.S. Bankruptcy Court<br>         450 Golden Gate Ave., 16th Fl.<br>         San Francisco, CA<br>Judge:  Hon. Hannah L. Blumenstiel |

Urban Leaf Co. dba The Produce Company ("Produce Co") hereby submits this opposition to the *Second Amended Stipulation Regarding Use Of Cash Collateral, Provision Of Adequate Protection And Debtor In Possession Financing* (the "Stipulation") and the motion ("Motion") filed by Munchery, Inc. (the "Debtor") for approval of the Stipulation.

## I. Summary of Argument and Produce Co's PACA Claim Information

Produce Co opposes the Stipulation and Motion because:

1. Produce Co's claim is subject to superpriority payment by virtue of its designation as a claim under the Perishable Agricultural Commodities Act ("PACA");

2. The Stipulation appears to authorize the Debtor to use assets that are presumptively PACA trust assets to pay non-PACA claims;

3. The Stipulation appears to grant to non-PACA creditors, among other things, replacement liens and priming liens in PACA trust assets;

4. The Stipulation fails to provide for the payment of PACA claims; and

5. The Debtor fails to provide any evidence regarding which of the assets it proposes to use or sell are not PACA trust assets. For example, the Debtor proposes to use "Restricted Funds" currently in the possession of one of its lenders, but there is no way to know whether such funds are subject to the priority claims of PACA creditors.

Prior to the Debtor's bankruptcy filing, Produce Co sold fresh vegetables and fruit to the Debtor for prices totaling the amount of $57,650.45, not including interest, attorneys' fees, and costs.[1] The Debtor received the vegetables and fruit, but has not paid for them.

Produce Co is a licensee under PACA and properly preserved its rights as a beneficiary of the statutory trust created under 7 U.S.C. § 499e(c) by placing the statutorily required language on its invoices pursuant to 7 U.S.C. §499e(c)(4). A copy of the United States Department of Agriculture's confirmation of the status of Produce Co's PACA license information is attached as Exhibit 1 to the concurrently filed Declaration of Soo Ming Yee (the "Yee Declaration"). Copies of Produce Co's invoices containing the required trust notice are attached as Exhibit 2 to the Yee Declaration.

Produce Co is informed and believes the Debtor is/was during all relevant times subject to PACA. The Debtor falls under the definition of a "dealer" under the PACA statute, and the

---

[1] The Ninth Circuit Court of Appeals held in *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220 (9th Cir. 2002), that a seller's contractual right to attorney's fees and interest is included within a valid PACA claim.

Debtor is a PACA licensee voluntarily subject to the provisions of PACA. A copy of the Debtor's PACA license information is attached as Exhibit 3 to the Yee Declaration.

Produce Co is entitled to priority payment of its PACA trust claim and maintains a senior and priority interest in all PACA trust assets within the Debtor's possession, custody and control until the PACA trust claims are paid in full. The PACA trust assets in which the PACA trust beneficiary maintains a senior and priority interest include perishable agricultural commodities received by the Debtor in all transactions (not just those with Produce Co), all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. It is up to the Debtor, not Produce Co, to establish that the collateral the Debtor is attempting to use and/or encumber under the Stipulation, prior to the payment of PACA trust claims, is not a PACA trust asset.

Here, neither the Stipulation nor the Motion account for PACA claims or the PACA trust. Indeed, the Debtor has not disclosed the extent of PACA claims in this case, or established that the assets it seeks to use, encumber, and, ultimately, sell, do not constitute PACA trust assets. Nevertheless, the Stipulation proposes to, among other things: (1) authorize the Debtor to use cash and other assets that are presumptively a part of the PACA trust; and (2) grant replacement and priming liens on cash and other assets that are presumptively a part of the PACA trust. The PACA trust assets are not property of the bankruptcy estate and may not be sold or otherwise used to pay any non-PACA trust debt, until all PACA trust claims have been fully satisfied, or alternatively, an agreement has been reached between the Debtors and the PACA trust beneficiaries concerning the Debtor's use/sale of the PACA trust assets. Produce Co does not consent to the Debtor's use of PACA trust assets in the manner proposed in the Stipulation. The Stipulation, in its current form, and under the current circumstances, should not be approved.

## II. Argument

**A. Produce Co's Claims Constitute Valid Trust Claims Under PACA.**

In order to become a perfected PACA trust beneficiary, a PACA claimant must meet three requirements. First, the goods in question must be perishable agricultural commodities. Second, the commodities must have been received by a commission merchant, a dealer, or broker. Third, the claimant must have provided written notice of its intent to preserve its rights under PACA within thirty days after payment became due. *In re Long John Silver's,* 230 B.R. 29, 32 (Bankr.D.Del.1999); *In re Country Harvest Buffet Restaurants, Inc.*, 245 B.R. 650, 653 (B.A.P. 9th Cir. 2000). All of these requirements have been met with respect to Produce Co's claims.

First, Produce Co sold fresh vegetables and fruits to the Debtor. The term "perishable agricultural commodities" is defined, in relevant part, as "any of the following, whether or not frozen or packed in ice: Fresh fruits and fresh vegetables of every kind and character." *See* 7 U.S.C. § 499a(b)(4)(A). The invoices attached as Exhibit 2 to the Yee Declaration describe the types of fresh vegetables and fruits Produce Co sold to the Debtor.

Second, the goods were received by the Debtor, which is a dealer under the PACA statute.[2] Moreover, the Debtor was operating under a valid PACA license and therefore voluntarily subjected itself to PACA and its statutory trust provisions. As such, the Debtor is a statutory trustee under PACA and is obligated to maintain and preserve the PACA trust assets for the benefit of all validly perfected PACA trust beneficiaries such as the Debtor.

Third, Produce Co preserved and perfected its PACA trust rights by using ordinary and usual billing or invoice statements in compliance with 7 U.S.C. § 499e(c)(4), which provides that any licensee who includes the following statement on the face of its invoices will have perfected its PACA trust rights:

---

[2] The Debtor is "engaged in the business of buying or selling in wholesale or jobbing quantities…any perishable agricultural commodity in interstate or foreign commerce." *See* 7 U.S.C. 499a(b)(6)); *see also*, *In re Country Harvest Buffet Restaurants, Inc.*, 245 B.R. 650, 653 - 656 (B.A.P. 9th Cir. 2000) (holding that restaurant chain that purchases wholesale quantities of produce for use in the preparation of meals served to customers is a "dealer" under the PACA statute).

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4).

All of the invoices that comprise Produce Co's claims against the Debtor include the required language verbatim. Accordingly, Produce Co qualifies as a trust beneficiary under PACA for all transactions that are the subject of the invoices attached to the Yee Declaration.

**B. PACA Trust Assets Are Not Property Of The Debtor's Bankruptcy Estate And The Debtor Is Required To Preserve And Maintain PACA Trust Assets For The Benefit Of Unpaid PACA Trust Beneficiaries.**

The PACA trust provisions provide that all fresh or frozen perishable agricultural commodities (such as vegetables and fruits) received by the Debtor "in all transactions, and all inventories of food or other products derived from frozen perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by [the Debtor] in trust for the benefit of all unpaid suppliers or sellers of such commodities…until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." *See* 7 U.S.C. § 499e(c)(2); *se also In re Country Harvest Buffet Restaurants, Inc.*, 245 B.R. at 653, *citing In re Kornblum & Co., Inc.*, 81 F.3d 280, 284 (2nd Cir. 1996) ("PACA trusts are governed by traditional principles of trust law, and property subject thereto is excluded from property of the bankruptcy estate….Accordingly, as noted, a perfected PACA trust beneficiary is entitled to payment in full from the trust assets before payment to any other creditors, secured or unsecured.").

In *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2nd Cir. 1996), a bankruptcy trustee sought to sell the estate's interest in membership certificates and proprietary leases relating to store and office units (the "Units") of the debtor. *Id.* at 282. Two creditors licensed as dealers under

PACA commenced an adversary proceeding contending that the debtor's interest in the Units constituted property of the statutory trust created for their benefit by PACA, and seeking to be paid out of the proceeds of the sale of the Units. *Id.* at 282 – 283. The Second Circuit determined that "in the event of bankruptcy, the Bankruptcy Code excludes PACA trust assets from the bankruptcy estate…. A PACA trust beneficiary is thereby entitled to claim trust property ahead of even creditors holding security interests in the property." *Id.* at 284. There, the Court of Appeals held that the two creditors will be entitled to reach the proceeds of the sale of the Units in satisfaction of their PACA claims against the debtor, unless the debtor established either that (1) no PACA trust existed when the Units were purchased; (2) even though a PACA trust existed at that time, the Units were not purchased with trust assets; or (3) although a PACA trust existed when the Units were purchased and the Units were purchased with trust assets, the debtor thereafter paid all unpaid sellers in full prior to the transactions involving the two creditors, thereby terminating the trust. *Id.* at 287.

Thus, PACA trust assets are not to be considered part of the Debtor's bankruptcy estate to be distributed to non-PACA trust creditors, nor are they to be sold or otherwise used by a debtor-in-possession unless all PACA trust beneficiaries have been paid in full. Because PACA trust assets are not property of the bankruptcy estate, those assets must be set aside for distribution only to the trust beneficiaries until those claims are fully satisfied. *See In re Southland & Keystone*, 132 B.R. 632 (B.A.P. 9th Cir. 1991); *In re Fresh Approach, Inc.*, 51 B.R. 412 (Bankr. N.D. Tex. 1985); *In re Milton Poulos, Inc.*, 947 F.2d 1351 (9th Cir. 1991).[3]

**C.  There Is A Presumption That All Of The Debtor's Assets Are A Part Of The PACA Trust And It Is The Debtor's Burden To Prove That A Particular Asset Is Not A Part Of The PACA Trust.**

---

[3] The PACA regulations require the Debtor to maintain trust assets in a manner that such assets are freely available to fully satisfy outstanding obligations to produce sellers. *See* 7 C.F.R. § 46.46(c); *In re Kornblum & Co., Inc.*, 81 F.3d at 286 ("[T]he regulation promulgated by the Secretary of Agriculture to implement the statutory trust, 7 C.F.R. § 46.46, clearly delineates a single, undifferentiated trust for the benefit of all sellers and suppliers."); *In re Milton Poulos, Inc.*, 947 F.2d 1351 (9th Cir. 1991).

The trust created by PACA is a non-segregated "floating" trust for which commingling is expected and no tracing is required. *See* 7 C.F.R. § 46.46(b) (stating that "[trust assets are to be preserved as a non-segregated 'floating' trust. Commingling of trust assets is contemplated."). "Since commingling is contemplated, all trust assets would be subject to the claims of unpaid suppliers…to the extent of the amount owed to them." *In re Atlantic Tropical Market*, 118 B.R. 139, 142 (Bankr. S.D. Fl. 1990); *In re Richmond Produce*, 112 B.R. 364, 368 (N.D. Cal. 1990) ("[t]he unpaid sellers are not required to trace and the trust arises immediately upon delivery.").

Moreover, *all* assets of a produce buyer are presumed to be impressed with the PACA trust and the burden to prove that a particular asset is not impressed with the trust falls squarely on the Debtor, not Produce Co. *In re Atlantic Tropical Market Corporation*, 118 B.R. at 142 ("[T]he burden rests upon the purchaser to determine when the trust fund actually began and the duration of the fund. Otherwise it will be assumed the trust fund is established upon commencement of the business of buying and selling [perishable agricultural commodities] and is continuously in existence throughout the life of purchaser's business. Also, any assets purchased while the fund is in existence will be assumed to be purchased with trust fund assets and will therefore become part of the trust fund assets, available to satisfy the claims of perfected unpaid suppliers."); *In re Milton Poulos, Inc.* 94 B.R. 648, 652-653 (Bankr. C.D. Cal. 1988) ("[T]he debtor or bankruptcy trustee, rather than the trust beneficiary, is responsible for determining which assets, if any, are not subject to the trust.").

In this case, the Debtor's Chief Executive Officer – James Beriker – has testified in the *Declaration Of James Beriker In Support Of Debtor's First Day Motions* that the Debtor's business, since 2011, was to "make, sell and deliver freshly prepared meals, cooking kits, sides, desserts, and drinks to consumers." *See* Beriker Declaration, para. 4. It is conceivable, therefore, that a PACA trust has existed, and remained in existence, since 2011, and includes all of the Debtor's assets. However, the Debtor has provided no disclosures regarding its exposure to PACA claims, and no information regarding which of its assets are subject to the PACA trust. Thus, there is no way of knowing, at this time, the extent of PACA claims and the

extent of assets belonging to the PACA trust. Without such knowledge, it would be wholly inappropriate to allow the Debtor to dissipate presumptive trust assets, and subject such assets to replacement and priming liens.

**D.  PACA Trust Assets May Not Be Sold Or Otherwise Used To Pay Any Non-PACA Claim Until All Valid PACA Trust Claims Have Been Paid In Full.**

The PACA trust provisions provide that "if the seller is not paid promptly, the buyer must preserve trust assets, and the seller has a 'superpriority' right that trumps the rights of the buyer's other secured and unsecured creditors." *Bocci Americas Assocs. Inc.*, 515 F.3d 383, 388 (5th Cir. 2006); *see also* 7 U.S.C. § 499e(c)(1).[4]

In this case, the Stipulation proposes to, among other things, authorize the Debtor to use certain assets, including cash in the Debtor's and the Debtor's secured creditors' possession, and provide to secured creditors replacement liens and priming liens on *all* of the Debtor's assets. Moreover, the Debtor has filed a motion to sell its assets. The problem with this approach is that such assets are presumptively PACA trust assets, and may not be used or encumbered without payment in full of all claims held by the beneficiaries of the PACA Trust. To the extent the Debtor contends that the assets it seeks to use are not PACA trust assets, it is the Debtor's burden to provide this with evidence, which the Debtor has not done. Indeed, as far as Produce Co is aware, the Debtor has not provided any disclosures or other information regarding the extent of PACA claimants in this case, or the extent of assets subject to a PACA trust. The Stipulation, if approved, will allow the Debtor to use and/or encumber assets that may ultimately be deemed to constitute PACA trust assets.

---

[4] Section 499e(c)(1) of PACA provides that "a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest."

Case: 19-30232   Doc# 98   Filed: 03/29/19   Entered: 03/29/19 15:59:25   Page 8 of 11

8

### III. Conclusion

For the reasons set forth herein, Produce Co opposes the Stipulation and the Motion, and the Debtor's continued use of PACA trust assets to finance its post-petition operations. Under the circumstances, the Court should not approve the Stipulation.

Dated: March 29, 2019

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Krikor J. Meshefejian*
David B. Golubchik
Krikor J. Meshefejian
Attorneys for Urban Leaf Co. dba
The Produce Company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document: **OPPOSITION BY URBAN LEAF CO. DBA THE PRODUCE COMPANY TO SECOND AMENDED STIPULATION REGARDING USE OF CASH COLLATERAL, PROVISION OF ADEQUATE PROTECTION AND DEBTOR IN POSSESSION FINANCING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 29, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Mikel R. Bistrow**   mikel.bistrow@dinsmore.com, caron.burke@dinsmore.com
- **David S. Catuogno**   david.catuogno@klgates.com
- **Christopher Celentino**   chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Gail Lin Chung**   GL@outtengolden.com, gail.lin@yahoo.com
- **David J. Cook**   cook@squeezebloodfromturnip.com
- **Terri H. Didion**   terri.didion@usdoj.gov, patti.vargas@usdoj.gov
- **Leonardo D. Drubach**   leo@9000Law.com
- **Daniel M. Eliades**   daniel.eliades@klgates.com
- **Trevor Ross Fehr**   trevor.fehr@usdoj.gov, lynne.knight@usdoj.gov
- **Stephen D. Finestone**   sfinestone@fhlawllp.com
- **Steven T. Gubner**   sgubner@ebg-law.com, ecf@ebg-law.com
- **Robert G. Harris**   rob@bindermalter.com
- **Jennifer C. Hayes**   jhayes@fhlawllp.com
- **Gary M. Kaplan**   gkaplan@fbm.com, calendar@fbm.com
- **Michael Lauter**   mlauter@sheppardmullin.com
- **Kyle Mathews**   kmathews@sheppardmullin.com
- **Office of the U.S. Trustee / SF**   USTPRegion17.SF.ECF@usdoj.gov
- **Jason Rosell**   jrosell@pszjlaw.com, sshoemaker@pszjlaw.com
- **Ryan A. Witthans**   rwitthans@fhlawllp.com, rwitthans@fhlawllp.com
- **Kaipo K.B. Young**   KYoung@BL-Plaw.com

**2. SERVED BY UNITED STATES MAIL**: On **March 29, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            F 9013-3.1.PROOF.SERVICE

Case: 19-30232   Doc# 98   Filed: 03/29/19   Entered: 03/29/19 15:59:25   Page 10 of 11

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 29, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 29, 2019 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012      **F 9013-3.1.PROOF.SERVICE**