# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.<br><br>Debtor and Debtor-in-Possession. | Case No. 19-30232-HLB<br>Chapter 11<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO APPROVE STIPULATION REGARDING TURNOVER OF SECURITY DEPOSIT** |

**TO THE BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, THE UNSECURED CREDITORS COMMITTEE, PARTIES-IN-INTEREST, AND SPECIAL NOTICE PARTIES:**

**PLEASE TAKE NOTICE** that Munchery, Inc. ("Munchery") files this notice and opportunity for hearing (the "Notice") on its Motion to Approve Stipulation Regarding Turnover of Security Deposit (the "Motion") pursuant to §§ 542 and 553. By way of its Motion, Munchery seeks the Court's entry of an order approving the terms of a stipulation (the "Stipulation") between Munchery and 95–97 Horatio L.L.C. (the "Landlord").

The Landlord is in possession of Munchery's security deposit of $98,833.69 (the "Security Deposit"). The Landlord wishes to deduct from the Security Deposit the unpaid rent and additional charges related to the occupancy of the Premises and turnover the balance of the Security Deposit to Munchery. As detailed in the Motion and Stipulation, Munchery and the Landlord stipulate as follows:

1. The Landlord shall deduct from the Security Deposit the sum of $43,083.92 for the period of January 1 through March 6, 2019, consisting of the following charges: (1) base rent of $34,293.94; (2) holdover rent of $1,227.90; (3) real estate taxes of $4,577.08; (4) a cleanup fee of $2,200.00; (5) building sign charges of $185.00; and (6) a move out fee of $600. Once the Landlord deducts these sums, Munchery will have no further obligations to the Landlord.
2. The Landlord shall turnover the unused portion of the Security Deposit (the "Turnover Funds") in the amount of $55,749.77 to Munchery.
3. The Turnover Funds shall be made payable to and sent via Federal Express to Finestone Hayes LLP, 456 Montgomery St., 20th Floor, San Francisco, CA 94104, or may be electronically transferred to Munchery's debtor in possession account, subject to further communications between Munchery and the Landlord regarding the procedure for doing so.
4. Once Munchery receives the Turnover Funds, the Landlord shall have no further obligation to Munchery.

Section 542(b) provides that an entity that owes a debt that is property of the estate shall pay such debt to the trustee, except to the extent that such debt may be offset under § 553. A landlord may offset a security deposit against claims for rent and other amounts owed by a debtor pursuant to § 553. Setoff will result in satisfaction of the Munchery's obligations to the Landlord and a recovery of $55,749.77 for the estate.

To the extent that relief from stay is required to offset any debt owing to Munchery against any claim of the Landlord, the Stipulation and this Motion are intended as an agreement to lift the automatic stay as required to accomplish the requested relief.

**PLEASE TAKE FURTHER NOTICE** that Bankruptcy Local Rule 9014-1 prescribes the procedures to be followed with respect to any objection to the proposed compromise or any request for hearing thereon.

> **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE** that a hearing, if requested, will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

Dated August 6, 2020                       FINESTONE HAYES LLP

                                               */s/ Ryan A. Witthans*
                                               Ryan A. Witthans
                                               Counsel for Munchery, Inc.