Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Munchery, Inc.,
Debtor and Debtor in Possession

John D. Fiero (136557)
Jason H. Rosell (269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Tel: (415) 263-7000
Fax: (415) 263-7010
jfiero@pszjlaw.com
jrosell@pszjlaw.com

Counsel to the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30232-HLB |
| MUNCHERY, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF FILING OF PROPOSED FORM OF ORDER CONFIRMING THE FIRST AMENDED JOINTLY PROPOSED PLAN DATED JUNE 10, 2020** |
| | Hearing:<br>Date:   August 20, 2020<br>Time:   10:00 a.m. |

NOTICE OF PROPOSED ORDER CONFIRMING PLAN                                                                                                       1

Attached hereto is a Proposed Form of Order Confirming the First Amended Jointly Proposed Plan dated June 10, 2020. The form of order has been circulated to and approved by the Plan proponents, TriplePoint Venture Growth BDC Corp and Hatch'dLabs, Inc., a subsidiary of Giant Eagle, Inc., a prior licensee of technology from the Debtor being administered as part of the Plan.

Dated August 19, 2020    FINESTONE HAYES LLP

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Munchery, Inc.

NOTICE OF PROPOSED ORDER CONFIRMING PLAN 2

Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.: (415) 421-2624
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Munchery, Inc.,
Debtor and Debtor in Possession

John D. Fiero (136557)
Jason H. Rosell (269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Tel: (415) 263-7000
Fax: (415) 263-7010
jfiero@pszjlaw.com
jrosell@pszjlaw.com

Counsel to the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-30232-HLB |
| MUNCHERY, INC., | Chapter 11 |
| Debtor and Debtor in Possession. | **ORDER CONFIRMING THE FIRST AMENDED JOINTLY PROPOSED PLAN DATED JUNE 10, 2020**<br><br>Hearing:<br>Date: August 20, 2020<br>Time: 10:00 a.m. |

ORDER CONFIRMING PLAN 1

At the date and time noted above, the Court conducted a hearing to consider confirmation of the First Amended Jointly Proposed Combined Plan and Tentatively Approved Disclosure Statement dated June 10, 2020 (ECF 351 - the "Plan"), filed by the Debtor and the Official Committee of Unsecured Creditors (the "Committee"). All appearances were as noted on the record. Adequate notice having been provided, the Court having considered the Plan, the Ballot Tabulation for voting on the Plan (ECF 383), the Declaration of James Beriker in support of confirmation of the Plan (ECF 380), the impaired classes of creditors (Classes 1 and 2) having voted to accept the Plan, there being no objection to confirmation, good cause appearing and for the reasons stated on the record[1]

**IT IS HEREBY ORDERED** that:

1. The Disclosure Statement is finally approved as containing adequate information.

2. The Plan is confirmed, the Court having found that the requirements of Section 1129(a) have been satisfied.

3. The Plan is binding upon the Debtor and its creditors and interest holders; (a) whether the claim or interest has been allowed, and (b) whether such creditor has accepted the Plan.

4. October 15, 2020 is set as the last date for filing requests for allowance and payment of administrative expenses.

5. As of the Effective Date, the Software Assets shall be deemed abandoned by the Debtor to TriplePoint Venture Growth BDC Corp without the need for further instruments or documentation to effect such transfer. Each of the Debtor and Plan Administrator, as applicable, is hereby authorized to enter into and perform, consummate, and implement the any additional instruments and documents that may be reasonably necessary or desirable to implement the transfer of Software Assets to TriplePoint Venture Growth BDC Corp. effected by this section

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "ECF" references are to the docket in the above-captioned adversary proceeding. Unless specified otherwise, all capitalized terms shall have the meanings set forth in the Plan.

and to take any and all further actions as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated in herein, or to perform its obligations under the Plan or any related agreements. Except as set forth in Section 6 of this Order, the transfer effected by this section shall be free and clear of any interests, obligations, rights, encumbrances, pledges, liens (including, without limitation, mechanics', materialmens', and other consensual and non-consensual liens and statutory liens), mortgages, deeds of trust, security interests, claims (including any "claim" as defined in section 101(5) of the Bankruptcy Code), liabilities, debt obligations, losses, penalties, leases, charges, offsets, contracts, options, rights of first refusal, rights of first offer, rights of first sale, rights of notice, transfer restrictions under any agreement, conditional sale or other title retention agreements, judgments, hypothecations, demands, licenses, sublicenses, assignments, indentures, loan agreements, instruments, debts, rights of recovery, guaranties, contractual commitments, restrictions, rights of recoupment, options to purchase, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, reclamation claims, and obligation claims, in each case, of whatever kind, nature, or description in, against or with respect to the Debtor, or its businesses, having arisen, existed, or accrued prior to and through the effective date of the Plan, whether direct or indirect, absolute or contingent, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, material or non-material, disputed or undisputed, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute, or otherwise, and whether arising prior to, on or after the Petition Date, including claims or liabilities otherwise arising under doctrines of successor liability, *de facto* merger, or substantial continuity, or liabilities or obligations arising under any law or order.

6. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect, amend, modify, impair, or otherwise restrain or limit access to, in any form or manner, Giant Eagle, Inc.'s or Hatch'dLabs, Inc.'s (together, "Giant Eagle") rights under that certain

Master License and Transaction Agreement, dated as of May 25, 2018, between Giant Eagle, Inc., the Debtor, as licensor, and Hatch'dLabs, Inc., as wholly-owned subsidiary of Giant Eagle, Inc. and as licensee (the "MLTA"), with respect to the Licensed Intellectual Property (as defined in the MLTA) licensed thereunder to Giant Eagle (collectively, the "Giant Eagle Licensed Rights"), and disposition of any assets pursuant to this Order shall be subject to the Giant Eagle Licensed Rights to the fullest extent that such assets are subject to such Giant Eagle Licensed Rights under applicable nonbankruptcy law.

7. As of the Effective Date, except as otherwise provided by the Plan or this Order, property of the estate, including the Remnant Assets, shall vest in the Debtor free and clear of all claims, liens and interests, to be administered pursuant to the terms of the Plan.

8. The Plan Administrator, with the involvement of the Oversight Committee as set forth in the Plan, is authorized to carryout the duties and obligations set forth in the Plan, make the payments to creditors pursuant to the Plan and otherwise carry out the provisions of the Plan, perform such other acts and execute other documents as are necessary or appropriate in connection with the Plan and this Order, and all such actions shall be deemed to have been duly authorized without further order of the Court.

9. Except as otherwise provided in the Plan, all claims, defenses, causes of action, and objections to claims are reserved for the benefit of the post confirmation Debtor and may be asserted by the Plan Administrator.

10. The Court shall retain jurisdiction over this case pursuant to Part 6(g) of the Plan and to the extent permitted by applicable law.

11. The Debtor shall comply with the fee payment and reporting requirements of the Office of the U.S. Trustee.

12. This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan. This Order is, and shall be,

binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

13. Any or all documents contemplated herein shall be accepted by each of the respective filing offices and recorded, if required, in accordance with applicable law. This Order will constitute sufficient notice of the entry of this Order and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

14. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, may not be taxed under any law imposing a stamp tax or similar tax. Upon entry of this Order, the appropriate state or local governmental officials or agents and all filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code.

* * * * **END OF ORDER** * * * *

ORDER CONFIRMING PLAN 5

**Approved as to form:**

MCDERMOTT WILL & EMERY LLP

/s/ Riley T. Orloff
Riley T. Orloff
Attorneys for TriplePoint Venture Growth BDC Corp.

ORDER CONFIRMING PLAN 6

**COURT SERVICE LIST**

[*ECF recipients only*]