UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>MUNCHERY, INC.,<br><br>Debtor and Debtor in Possession. | Case No. 19-30232-HLB<br>Chapter 11<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO SELL PAYMENT CARD INTERCHANGE FEE CLASS ACTION SETTLEMENT CLAIM SUBJECT TO OVERBID/AUCTION**<br><br><u>Hearing:</u> No hearing unless requested pursuant to B.L.R. 9014-1. |

**PLEASE TAKE NOTICE** that Munchery, Inc. ("Munchery" or the "Debtor") files this notice and opportunity for hearing on its *Motion to Sell Payment Card Interchange Fee Class Action Settlement Claim Subject to Overbid/Auction* (the "Motion") pursuant to 11 U.S.C. § 363; Federal Rules of Bankruptcy Procedure 2002, 6004, and 9014; and Bankruptcy Local Rule 9014-1. The Motion requests, among other things, authority to sell Munchery's interest in a possible settlement claim in class action litigation. To obtain a copy of the Motion and supporting documents, contact Munchery's counsel at rwitthans@fhlawllp.com.

For the reasons stated below, Munchery requests entry of an order granting the Motion and approving the Settlement Claim Purchase Agreement (the "Agreement") described herein.

**OVERBID PROCESS**

If a party wishes to submit an overbid, it must submit it to Munchery's counsel by email:

Ryan Witthans
FINESTONE HAYES LLP
Email: rwitthans@fhlawllp.com
Phone: +1 (415) 481-5481

*Note: Any overbid must be submitted by email to Munchery's counsel by 5:00 p.m. Pacific Prevailing Time on October 12, 2020.*

As set forth in more detail below, if overbid interest is received, Munchery may establish, in its sole discretion, any overbid/auction procedures. Munchery reserves the right, in its sole discretion, to refuse bids which do not, in its sole opinion, conform with the terms of the overbid/auction procedures. Munchery will, in its sole discretion, determine the highest and/or best bid and whether the bid is higher and/or better than that provided for in the Agreement, and may request Bankruptcy Court approval of any bid it determines is the highest or best.

**BACKGROUND**

Munchery is a class action member in a lawsuit pending before the United States District Court for the Eastern District of New York (the "District Court"), *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, case number 05-MD-1720 (MKB) (JO) (the "Class Action"). The Class Action alleges that Visa and MasterCard fixed interchange fees at anticompetitive levels in violation of

Page 1 of 4

Case: 19-30232    Doc# 407    Filed: 09/24/20    Entered: 09/24/20 21:55:58    Page 1 of 4

United States antitrust law. On December 13, 2019, the District Court granted final approval to a settlement in the Class Action. An appeal of the final approval order was filed on January 3, 2020. At this time, it is unknown how long the appeal process will take.

As a Class Action member, Munchery has rights to a possible distribution from the Class Action settlement (the "Settlement Claim"). No claims forms are currently available and no deadline to file claims has been set. Munchery has preregistered to receive a claim form.

Munchery identified and contacted 37 entities, which typically purchase class action settlement claims and/or bankruptcy estate assets, as possible buyers of the Settlement Claim. Of those, four expressed interest in purchasing the Settlement Claim. Munchery asked each of the four interested entities to submit initial bids on the Settlement Claim, which would then be sold pursuant to overbid/auction procedures. The highest bid received was $15,000.

Munchery entered into a Settlement Claim Purchase Agreement (the "Agreement") with the highest bidder (the "Buyer") dated September 18, 2020. Due to the proprietary and trade secret nature of the methods used to value claims in the Class Action, the Buyer requested that its identity remain confidential (as did other interested entities).[1] None of the interested entities, nor the Buyer, have any relationship with Munchery, its counsel, or any other entity or individual involved in this bankruptcy case.

In conformance with the provisions set forth by the confirmed Chapter 11 Plan, Munchery has received the consent of the Oversight Committee of the sale contemplated by the Motion and the Agreement, including the identity of the Buyer.

**SETTLEMENT CLAIM PURCHASE AGREEMENT**

Pursuant to the Agreement, and subject to Court approval:

    a.    On or before the Closing Date (as defined below), Munchery shall transfer its interest in the Settlement Claim to the Buyer, and the Buyer shall purchase the Settlement Claim from Munchery. Munchery shall perform all actions reasonably necessary to effectuate the transfer of the Settlement Claim to the Buyer.

    b.    Subject to the overbid/auction provisions below, the Buyer shall pay to Munchery $15,000 (the "Purchase Price") on or before the Closing Date.

    c.    The Buyer shall pay as a deposit to Munchery one half of the Purchase Price. The deposit will be applied to the Purchase Price if the Buyer is the ultimate purchaser of the Settlement Claim. The deposit will be refunded if (1) Munchery fails to obtain Bankruptcy Court approval of the sale to the Buyer or (2) an overbidder is the ultimate purchaser of the Settlement Claim. The deposit will only be retained by Munchery if (1) Munchery obtains Bankruptcy Court approval of the sale to the Buyer, (2) the Buyer fails to close the sale as provided in the Agreement, and (3) the Buyer fails to cure within 7 days of notice of such failure.

    d.    After the effective date of the Agreement, and before the Closing Date, Munchery may solicit overbids from third parties for the Settlement Claim.

    e.    Munchery may establish, in its sole discretion, any overbid/auction procedures, including the determination of closed or open bidding procedures, the setting of any

---

[1] For this reason, a copy of the Agreement was not filed with the Court. The key provisions of the Agreement are set forth in this notice and in the Motion. The Oversight Committee has reviewed and approved the Agreement and the identity of the Buyer.

deadlines, and the fixing of any deposits, minimum overbid amounts, and minimum subsequent bid amounts. Munchery reserves the right, in its sole discretion, to refuse bids which do not, in its sole opinion, conform with the terms of the overbid/auction procedures.

f. Munchery will, in its sole discretion, determine the highest and/or best bid and whether the bid is higher and/or better than that provided for in the Agreement, and may request Bankruptcy Court approval of any bid it determines is the highest or best. If an overbid is accepted, then Munchery will refund any deposit amounts paid by the Buyer and/or other unsuccessful bidders within 5 days of the Closing Date.

g. The Closing Date is 15 days after the Bankruptcy Court enters an order approving the Agreement. On or before the Closing Date, the Buyer shall deliver the remaining amount of the Purchase Price, and the Parties shall exchange any documents as may be reasonably necessary to affect the transactions contemplated hereby.

h. The Agreement will terminate if the Bankruptcy Court does not enter an order approving it on or before 90 days after the Agreement Date. Upon such termination, Munchery shall immediately refund any payment of the Purchase Price made by the Buyer.

i. Munchery agrees to use reasonable measures to keep the identity of the Buyer confidential but Buyer understands that the Court or the Official Committee of Unsecured Creditors may require disclosure.

j. In the event of any dispute between the Parties concerning the terms and provisions of the Agreement, the party prevailing in such dispute shall be entitled to collect from the other party all costs incurred in such dispute, including reasonable attorneys' fees.

k. Munchery agrees that: (a) Munchery will use commercially reasonable efforts to provide, duly execute or deliver, or cause to be provided, duly executed or delivered, to Buyer such further information and instruments reasonably available to it or under its possession, custody or control and do and cause to be done such further acts as may be reasonably necessary or proper to respond to any audit or inquiry regarding the Settlement Claim; and (b) to the extent any decision needs to be made or vote taken among the plaintiffs relating to the Settlement Claim and any party does not recognize the Buyer as the rightful owner of the Sale Assets for any reason, then Munchery will consult with and follow the direction of the Buyer. Munchery shall be obligated as set forth above during the 60-day period immediately following the Closing Date, at Munchery's expense; and following such 60-day period, Munchery (or its successors or representatives) shall be obligated as set forth above only on a "best efforts" basis to the extent requested by Buyer, at the reasonable expense of Buyer.

**LEGAL ARGUMENT**

Section 363(b) provides, in part, that the "trustee [or debtor in possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." A debtor in possession may sell estate property outside the ordinary course of business so long as it exercises reasonable business judgment. *In re Kaplan*, 2015 Bankr. LEXIS 1916, *4–5 (Bankr. C.D. Cal. 2015). Pursuant to § 363(b), Munchery requests an order authorizing it to sell the estate's right, title, and interest in the Settlement Claim outside the ordinary course of business.

Valuing the Settlement Claim is difficult, given that (1) Munchery's interchange fee records are incomplete; (2) substantial time and effort is required to gather and analyze such records; (3) the total amount of the Class Action claim is uncertain, making it difficult to calculate the expected pro rata distribution; and (4)

Case: 19-30232    Doc# 407    Filed: 09/24/20    Entered: 09/24/20 21:55:58    Page 3 of 4

the appeal process introduces significant uncertainty to both the timeline for, and the ultimate certainty of, payment.

The overbid/auction provisions of the Agreement support the fairness and reasonability of the proposed sale. Additionally, Munchery intends to circulate notice by mail and/or email to entities that expressed an interest in bidding on the Settlement Claim, or on bankruptcy sales in general.

Based on the above reasons, Munchery concludes that the sale of the estate's right, title, and interest in the Settlement Claim, subject to overbid/auction, is in the best interest of the estate and satisfies the reasonable business judgment test.

For the reasons stated above, Munchery requests entry of an order (1) granting this Motion and approving the sale pursuant to overbid/auction described herein; (2) authorizing Munchery to take the steps it deems necessary to carry out the Agreement and sale pursuant to overbid/auction without further Court order; (3) waiving the 14-day stay of Bankruptcy Rule 6004(h); and (4) allowing such other relief as the Court deems proper.

**PLEASE TAKE FURTHER NOTICE** that Munchery requests that the order approving the sale and Agreement provides: "This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

**PLEASE TAKE FURTHER NOTICE** that Bankruptcy Local Rule 9014-1 prescribes the procedures to be followed with respect to any objection to the proposed compromise or any request for hearing thereon.

> **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**
>
> **Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**
>
> **If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**
>
> **In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Dated September 24, 2020                    FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Attorneys for Munchery, Inc.
Debtor and Debtor in Possession